**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No. 24-MJ-245 (ZMF)** |
| | : | |
| **v.** | : | |
| | : | |
| **DARRIAN ALONTA TABBS,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**

Defendant Darrian Alonta Tabbs should be detained pending trial pursuant to 18 U.S.C. § 3142(d)(a)(A)(iii) (on probation) and 18 U.S.C. § 3142(f)(1)(E) (felony involving a firearm). Defendant Tabbs fired a handgun on a busy street in the middle of the day, endangering the lives of those around him (as well as his own), while intimidating the victim in this case, S.N. These actions came just two weeks after Tabbs' sentence in a misdemeanor possession of cocaine case[1] and six months after his release from incarceration for a felony conviction of carrying a pistol without a license.[2] Here, the defendant possessed and fired a pistol, despite his prior conviction making it unlawful for him to even have a gun, and a condition of his supervised release prohibiting him from committing any crime. The government agrees with Pretrial Services' recommendation that no condition or combination of conditions can reasonably assure the defendant's appearance in court or the safety of the community. *See* Pretrial Services Report (PSR) at 1. The government requests that the Court consider the following points and authorities, as well as any other

---

[1]     D.C. Superior Court Case No.2024-CMD-004780, Possession of a Controlled Substance, Cocaine (sentenced to 90 days' confinement, all suspended, and 1 year of supervised probation).

[2]     D.C. Superior Court Case No. 2013-CF2-003379, Carrying a Pistol without a License, Outside of Home (sentenced to 12 months' confinement, 9 months' suspended, and 1 year of supervised probation).

information presented at the detention hearing, and order the defendant detained pending trial.

## PROCEDURAL HISTORY

On July 30, 2024, defendant Tabbs was arrested by the Metropolitan Police Department ("MPD") for unlawful possession of a firearm, assault while armed, and carrying a pistol without a license in D.C. Superior Court case number 2024-CF3-007510. On August 9, 2024, the government filed a criminal complaint against defendant Tabbs for the same conduct, including a violation of 18 U.S.C. § 922(g)(1) (unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year). The defendant's initial appearance was held on August 13, 2024, where the government moved for pretrial detention. The Court ordered defendant Tabbs held without bond pending a detention hearing August 15, 2024.

## FACTUAL BACKGROUND

On July 30, 2024, around 5:45 p.m., MPD Officers Jack Riegal and Andrew Wolf were on patrol in Shaw neighborhood near Florida Avenue NW and 6th Street NW when Officer Riegal noticed an individual (W-1) attempting to flag down the officers. When Officers Riegal and Wolf approached W-1, W-1 stated something to the effect of "This guy just shot into the air, he's walking over there." W-1 then pointed east on Florida Avenue. NW. W-1 then gave the officers a description of the suspect as a black male wearing red pants.

At this point, Officers Riegal and Wolf exited their cruiser and canvased for the suspect. As they canvased, a civilian told the officers that the suspect had turned northbound on 6th Street NW. Officer Wolf proceeded up 6th Street NW and then turned into an alley, at which point he saw the suspect—later identified as defendant Tabbs—as he concealed an object in his front waistband with his hands. Once defendant Tabbs saw Officer Wolf, he fled down the alley and jumped

2

backyard fences to escape.

Officers Wolf and Riegal then called a lookout over the radio for defendant Tabbs, including last known location and direction. At that time, MPD Mountain Bike Officers Brenda Burke and Gregory McCourt were in the area and responded. Officer McCourt saw defendant Tabbs traveling down an alley off Florida Avenue. NW and 7th Street NW. Officer McCourt issued several lawful commands to defendant Tabbs to stop, which he ignored. Officer McCourt followed defendant Tabbs down an alley when Officer McCourt saw the defendant discard a firearm into a blue recycle bin that was partially open in the alley. Defendant Tabbs continued down the alley and ignored all lawful commands to stop. Officer Burke approached defendant Tabbs on her mountain bike and with Officer McCourt performed a takedown of defendant Tabbs who still refused to follow lawful commands.

Once defendant Tabbs was in custody, Officer McCourt retraced his steps and found a black handgun in the recycle can. The firearm was a black Springfield Armory, Hellcat model 9mm handgun with a 15 round capacity magazine with five 9mm rounds in the magazine.

Afterward, law enforcement reviewed surveillance footage from security cameras in the area which captured the lead up to defendant Tabbs' discharge of a firearm. As the surveillance footage supports, a little before 5:40 p.m., defendant Tabbs arrived at the corner of Florida Avenue NW and Bohrer Street NW in a black Audi SUV. Shortly after, defendant Tabbs exited the vehicle, unbuckled his pants, and urinated on the sidewalk using the rear driver-side door as cover. *See* Figures 1 & 2.



*Figure 1 Tabbs circled in yellow, unbuckling his pants*



*Figure 2 Tabbs circled in yellow, urinating*

Around this same time, the victim, S.N., saw defendant Tabbs urinating in public and asked him to stop. Defendant Tabbs approached S.N., engaged in a verbal altercation at first, and then punched S.N. with a closed fist. *See* Figures 3 – 5.




*Figure 3*                                    *Figure 4*



*Figure 5*

5

After assaulting S.N., defendant Tabbs returned to the driver's side of the black Audi. S.N., with his phone in hand, followed defendant Tabbs in an apparent attempt to take defendant Tabbs' picture. A second physical altercation ensued between S.N., defendant Tabbs, and an unknown third individual associated with defendant Tabbs. S.N. was quickly aided by two additional unknown individuals who extricate S.N. from the altercation. *See* Figure 6.



*Figure 6*

Following this altercation, S.N. entered a nearby building. Defendant Tabbs exited the black Audi while carrying a pistol and crossed Bohrer Street NW toward that same building. Seeing this, S.N. exited the building while holding a small wrench. As S.N. approached defendant Tabbs, Tabbs pulled the pistol out of a small holster and brandished it. *See* Figure 7.



*Figure 7 – Tabbs as he unholstered the pistol*

Defendant Tabbs proceeded to "pistol whip" S.N. three times in the middle of the crosswalk of

Bohrer Street NW. In response, S.N. did not hit defendant Tabbs with the wrench. *See* Figures 8 –

11.



*Figure 8*



*Figure 9*



*Figure 10*



*Figure 11*

Defendant Tabbs then left the scene with the pistol still unholstered. S.N. followed defendant Tabbs down Florida Avenue NW while on his phone in an attempt to aid law enforcement in the apprehension of defendant Tabbs. Seeing this, defendant Tabbs turned around, lifted the pistol in the air, and fired one shot above his head. *See* Figure 12. The discharge of the firearm made by-standers visibly afraid.



*Figure 12 Tabbs circled in yellow, firing, W-1 circled in green running away from Tabbs, shortly before flagging down MPD*

## <u>ARGUMENT</u>

Under the Bail Reform Act, if the Court determines that "no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of any other person and the community," the Court shall order a defendant held pending trial. 18 U.S.C. § 3142(e).

In determining whether any condition or combinations of conditions will assure the safety

of the community, in light of any applicable presumptions, the Court weighs four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. 18 U.S.C. § 3142(g).

In making this determination, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted, and the government may proceed by proffer. *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *see also United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues. *See Smith*, 79 F.3d at 1210; *Williams*, 798 F. Supp. at 36.

A review and understanding of the facts and circumstances in this case demonstrates that there are no conditions or combination of conditions that would ensure the safety of the community should the defendant be released. *See* PSR at 1. The Court should detain the defendant pending trial.

## I.   The Nature and Circumstances of the Offense Support Detention.

The first factor to be considered is the nature and circumstances of the offense charged, which weighs in favor of detention. The defendant carried and fired a firearm in the middle of a busy part of Northwest D.C. with no care or concern for innocent bystanders. Indeed, defendant Tabbs is lucky that the shot he fired indiscriminately into the air did not hit someone or damage

property on its return trip to earth. Before firing the weapon, Tabbs assaulted the victim multiple times both with his bare hands and with the butt of the pistol he wielded. Defendant Tabbs' actions were not legally justified. While S.N. did approach defendant Tabbs and later retrieved a wrench from inside a neighboring building, S.N. was not armed with a firearm and did not assault defendant Tabbs after he brandished the firearm. Defendant Tabbs' complete lack of concern for the victim and innocent bystanders, in conjunction with his totally unjustified and disproportionate response should be concerning for the Court and weighs in favor of detention.

## II.  <u>The Weight of the Evidence Against the Defendant is Formidable.</u>

The second factor to be considered, the weight of the evidence, also weighs in favor of detention.[3] The Government's case against the defendant is strong. The instant offense was captured fully on multiple surveillance videos and the firearm itself was found where the defendant dropped it when fleeing from officers, which was witnessed by Officer McCourt. Therefore, the strength of the evidence against defendant Tabbs is strong and weighs in favor of detention.

## III.  <u>The Defendant's History and Characteristics Merit Detention.</u>

The third factor, the defendant's history and characteristics, also weighs in favor of detention. Strikingly, just *two weeks* prior to this crime, defendant Tabbs was sentenced on a

---

[3]     This factor should be equally weighed. In *United States v. Blackson*, following a thorough review of the text of § 3142 and decisions analyzing this factor, then Chief Judge Howell found that "the weight of the evidence should not automatically be weighed less than the remaining statutory pretrial detention factors." 2023 WL 1778194, at *8. Instead, "the weight of the evidence against [a] defendant [should] be weighed as all factors are—in accordance with the specific facts of this case—to determine whether pretrial detention is appropriate." *Id.* at *10. In an unpublished opinion, the D.C. Circuit affirmed Judge Howell's decision. *United States v. Blackson*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023). The Second Circuit reached the same decision after a thorough and careful analysis of the issue. *United States v. Zhe Zhang*, 55 F.4th 141, 149-150 (2d Cir. 2022). This Court should follow *Blackson* and *Zhang;* this factor should be given no less weight than any other factor.

misdemeanor possession of cocaine in D.C. Superior Court to a one-year term of probation. Additionally, in November of last year, defendant Tabbs was also sentenced on a felony conviction of carrying a pistol without a license to three months' confinement and an additional year of supervised probation—a condition of which was that he not possess a firearm. Defendant Tabbs has a long criminal history (at least 8 prior convictions) and a history of negative interactions with law enforcement (17 prior arrests). Finally, defendant Tabbs was on *two different* terms of supervised probation, one of which stemmed from a gun charge. Thus, the defendant's history and characteristics weigh in favor of detention.

## IV.    __The Defendant Presents a Danger to Our Community.__

The fourth and final factor, the danger to any person or the community posed by the defendant's release, similarly weighs in favor of detention. The danger here is clear—defendant Tabbs possessed and used a loaded firearm by firing a pistol in broad daylight in the middle of a busy intersection in downtown D.C. Moreover, the defendant's demonstrated willingness and ability to commit one crime against members of the community is persuasive to his willingness to do it again. *See Blackson*, 2023 WL 1778914, at *11 ("At the outset, it cannot be gainsaid that unlawful possession of a firearm that is unregistered and fully loaded, with extended capacity magazines, carried in a position of easy, quick access poses a significant danger to other persons and the community."); *United States v. Washington*, 907 F. Supp. 476, 486 (D.D.C. 1995) ("[P]ossession by a felon of a fully loaded semi-automatic pistol suggests that the defendant presents an extreme safety risk to the public."). The defendant's willingness to carry and fire a firearm demonstrates the danger he poses to the community, therefore, this factor weighs in favor of detention.

## <u>CONCLUSION</u>

There is no condition or combination of conditions that would ensure the defendant's compliance with court-ordered release conditions. As defendant Tabbs criminal history makes clear, he poses a serious risk to the community. Thus, there are no conditions that this Court could fashion that would ensure the defendant's compliance. For all the foregoing reasons, the Government respectfully requests that the Court detain the defendant pending trial.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052


By:      */s/ Kyle M. McWaters*
Kyle M. McWaters
Assistant United States Attorney
D.C. Bar No. 241625
601 D Street NW
Washington, DC 20579
(202) 252-6983
kyle.mcwaters@usdoj.gov